IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01041-NYW

JOSEPH P. LOVATO,

    Plaintiff,

v.

VICKIE NIRA,
KELSEY DILLINGER,
NICOLE ALBRIGHT, and
JENNIFER GOMEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Jennifer Gomez's ("Defendant Gomez" or "Ms. Gomez") Motion for Summary Judgment (or "Motion"), filed December 10, 2019. [#58]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Orders of Reference for all purposes [#27; #66]. The court concludes that oral argument will not materially assist in the resolution of this matter, and further concludes that resolution of this Motion now is appropriate without additional briefing. *See* D.C.COLO.LCivR 7.1(d).[1] Accordingly, upon review of the Motion and attached exhibits, the applicable case law, and being otherwise fully advised, I **GRANT** the Motion for Summary Judgment.

---

[1] The court ordered Mr. Lovato to respond to the Motion for Summary Judgment on or before January 10, 2020. *See* [#59]. To date, Mr. Lovato has not filed his Response and the time to do so has since expired. Accordingly, I find it appropriate to consider the Motion for Summary Judgment presently.

## MATERIAL FACTS

The court draws the following material facts from the record before it. These material facts are undisputed for purposes of the instant Motion.

1. Plaintiff Joseph Lovato ("Plaintiff" or "Mr. Lovato") is a Colorado Department of Corrections ("CDOC") inmate who is currently incarcerated at the Sterling Correctional Facility ("SCF") in Sterling, Colorado. *See* [#13 at 2].[2]

2. Mr. Lovato claims to suffer from several medical ailments that require him to take roughly 12 medications; failure to receive these medications causes Mr. Lovato to suffer adverse medical reactions, such as vomiting and discomfort. *See* [*id.* at 5-8, 14-17, 30-31; #58-2].

3. Defendant Jennifer Gomez ("Defendant Gomez" or "Ms. Gomez") "was employed by Supplemental Health Care ('SHC') as a contract employee for the [CDOC] as a Nurse at SCF." [#58-1 at ¶ 1].

4. On August 9, 2016, Mr. Lovato declared three medical emergencies because he did not receive his medications on time and began vomiting uncontrollably. *See* [#13 at 7, 16-17, 35-38; #58-2].

5. Despite Mr. Lovato's allegations that Defendant Gomez delayed and/or refused treatment for his symptoms following the first- and second-declared medical emergencies on August 9, 2016, *see* [#13 at 17], Defendant Gomez was not working at SCF on August 9, 2016,

---

[2] Though Mr. Lovato did not respond to the Motion for Summary Judgment, the court considers Mr. Lovato's Second Amended Complaint as an affidavit pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure because it is verified, appears to be made on personal knowledge, sets out facts that would be admissible in evidence, and demonstrates Mr. Lovato's competency to testify on the matters asserted. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The court, therefore, considers Mr. Lovato's allegations in the Second Amended Complaint as competent summary judgment evidence to the extent they are not contradicted by other evidence in the record.

*see* [#58-1 at ¶ 2 & pp. 4-7], and medical records reveal Mr. Lovato received attention from other nurses, including non-party Brittany Dowis and Defendant Dillinger on that date, *see* [#58-2]; *cf.* [#13 at 30-31 (alleging that Defendants Dillinger, Nira, and Albright refused treatment on August 9, 2016)].

6. Mr. Lovato again declared a medical emergency on August 28, 2016, *see* [#13 at 36, 38], and complained of dry heaving, abdominal pain, and vomiting, all of which began after dinner, *see* [*id.* at 32; #58-1 at ¶ 4 & pp. 8-9].

7. Defendant Gomez examined Mr. Lovato, checked his vitals, and reported that Mr. Lovato was alert and oriented, followed commands, and was warm to the touch. *See* [#13 at 32; #58-1 at ¶ 5 & pp. 8-9].

8. Defendant Gomez then contacted the on-call medical provider Dr. Christner, who ordered Defendant Gomez to "give Mr. Lovato a promethazine suppository," which she administered. *See* [#13 at 32; #58-1 at ¶ 6 & p. 8].

9. Defendant Gomez re-checked Plaintiff's vitals and noted that Mr. Lovato had ceased vomiting after receiving the suppository. *See* [#13 at 32; #58-1 at ¶ 7 & p. 8].

10. Defendant Gomez had no further interactions with Mr. Lovato following the August 28, 2016 examination. *See* [#58-1 at ¶ 8]; *cf.* [#13 at 14-15, 40 (alleging encounters with Defendants Dillinger, Albright, and Nira)].

11. On April 27, 2017, Plaintiff initiated this civil action alleging violations of his Eighth Amendment rights against Defendants; his operative Second Amended Complaint seeks injunctive relief against Defendants in their official capacities and punitive damages against Defendants in their individual capacities. *See* [#1; #13; #43 at 8-9, 16-17].

12. Despite indication on the court's docket that service on Defendant Gomez returned unexecuted, *see* [#38], Defendant Gomez filed her Answer to the Second Amended Complaint on September 17, 2019, *see* [#55], and filed her Motion for Summary Judgment on December 10, 2019, *see* [#58], well ahead of the May 4, 2020 dispositive motions deadline set in the Scheduling Order.

**LEGAL STANDARD**

Pursuant to Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy his burden at summary judgment the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998) (explaining that the nonmovant cannot rely on "mere reargument of his case or a denial of an opponent's allegation" to defeat summary

judgment). In considering the nonmovant's evidence, the court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). Further, the court may consider only admissible evidence, *see Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a <u>form</u> that is admissible at trial, only the <u>substance</u> must be admissible at trial, *see Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016). Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

In applying these principles, the court is mindful that Mr. Lovato proceeds pro se, and thus the court affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

"Failure to provide adequate medical care is a violation of the Eighth Amendment if it is a result of deliberate indifference to a prisoner's serious medical needs." *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). To establish a prison official's constitutional liability, a plaintiff must satisfy both the objective and subjective components of the deliberate indifference test. *See Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component requires Mr. Lovato to allege a "sufficiently serious" medical need, *see Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005), which may be one that is "so obvious,"

*see Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999), or one that resulted in substantial harm (i.e., "lifelong handicap, permanent loss, or considerable pain") because of an unreasonable delay in treatment, *see Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). The subjective component requires Mr. Lovato to establish Defendant Gomez's culpable state of mind (i.e., she knew that Plaintiff faced a substantial risk of harm yet disregarded that risk), which may arise when the need for medical treatment is so obvious that any delay or denial in treatment is patently unreasonable. *See Self v. Crum*, 439 F.3d 1227, 1231-33 (10th Cir. 2006) (likening the subjective component to criminal recklessness and explaining that mere negligence is insufficient).

Defendant Gomez moves for summary judgment on Plaintiff's Eighth Amendment claim as asserted against her, because Mr. Lovato fails to establish Defendant Gomez's culpable state of mind. *See* [#58 at 6]. While she characterizes it as a lack of a "culpable state of mind," as to Mr. Lovato's allegations that she deprived him of his constitutional rights on August 9, 2016, [#13 at 17], she is actually challenging Mr. Lovato's allegation that she personally participated in the alleged event. And although the Second Amended Complaint does not expressly direct any other allegations to Defendant Gomez, she proceeds to argue her treatment of Mr. Lovato's symptoms on August 28, 2016 did not rise to the level of a cognizable constitutional violation because Mr. Lovato has failed to prove that Defendant Gomez knew of a substantial risk of harm and disregarded it. *See* [#58 at 6-8]. I respectfully agree with Defendant Gomez on both points.

First, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). It is undisputed that Defendant Gomez did not have any interaction with Plaintiff on August 9, 2016 because she was not working at SCF on this date. *See* [#58-1 at ¶ 2 & pp. 4-7]. I find that Mr. Lovato fails to establish Defendant Gomez's personal participation in any Eighth Amendment

violation that allegedly occurred on August 9, 2016, so any purported Eighth Amendment claim against Defendant Gomez stemming from events on August 9, 2016 fails as a matter of law. Similarly, any allegations arising from incidents on August 29 or 30, 2016 undisputedly did not involve Defendant Gomez—both because Mr. Lovato fails to allege any personal participation, *see generally* [#13], and because the undisputed facts in the record establish that Defendant Gomez did not have any interaction with him on those dates, *see* [#58-1 at ¶ 3; #58-2].

Second, though Mr. Lovato arguably establishes an objectively serious medical condition, i.e., dry heaving, abdominal pain, and vomiting, *see Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) (finding an objectively serious medical need based on allegations of severe pain and vomiting); *accord Mallory v. Jones*, No. 10-CV-02564-CMA-KMT, 2011 WL 1750234, at *7 (D. Colo. May 3, 2011) (finding the vomiting of blood an obviously severe medical need), he fails to establish Defendant Gomez knew of yet disregarded a substantial risk of harm, either by denying and/or delaying treatment. Rather, the undisputed evidence demonstrates that Defendant Gomez treated Mr. Lovato's symptoms with a promethazine suppository at the direction of Dr. Christner, and that Mr. Lovato ceased vomiting after receiving the suppository. *See* [#13 at 32; #58-1 at ¶¶ 6-7 & p. 8]. Mr. Lovato presents no evidence suggesting that the received treatment was constitutionally inadequate or that he experienced continuing pain of which Defendant Gomez was aware yet disregarded, either through denying and/or delaying further treatment. *See Redmond v. Crowther*, 882 F.3d 927, 940 (10th Cir. 2018) ("The subjective prong is met if prison officials intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed." (internal brackets and quotation marks omitted)). Indeed, Mr. Lovato's own allegations against Defendant Nira undercut any suggestion of a substantial risk of harm or a culpable state of mind on the part of Defendant Gomez, as he alleges "Will show dated 8/28/2016,

7

had I been given a suppository I would have stopped vomiting, but Nurse Vickie Nira made her choice to let me go through the long night, suffering all night long." [#13 at 14].

Any grievance with Defendant Gomez's conduct amounts to an accusation of negligence at the most or a disagreement with the prescribed course of treatment at the least—neither of which constitute an Eighth Amendment violation. *See Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."). Thus, Mr. Lovato's Eighth Amendment claim as to Defendant Gomez regarding treatment received on August 28, 2016 fails as a matter of law.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant Gomez's Motion for Summary Judgment [#58] is **GRANTED**;

(2)     Summary judgment is **ENTERED** in **FAVOR** of Defendant Gomez and **AGAINST** Mr. Lovato;

(3)     Plaintiff's Eighth Amendment claim(s) asserted against Defendant Jennifer Gomez are **DISMISSED with prejudice**;

(4)     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, once the court disposes of all remaining claims, the Clerk of the Court shall **ENTER** Final Judgment in **FAVOR** of Defendant Gomez and **AGAINST** Mr. Lovato, with each party to bear her or his own costs and fees.[3]

---

[3] While costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), the district court may in its discretion decline to award costs where a "valid reason" exists for the decision. *See, e.g.*, *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citations omitted). Given that Defendant Gomez recently appeared in this matter on September 17, 2019, that she moved for summary judgment on December 10, 2019 well before

DATED: February 12, 2020                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

the May 4, 2020 dispositive motions deadline, and that Plaintiff is indigent, the court declines to award costs. *See Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (noting that there is no abuse of discretion when the district court denies fees "to a party that was only partially successful."); *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent.").