# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01041-NYW

JOSEPH P. LOVATO,

    Plaintiff,

v.

VICKIE NIRA,
KELSEY DILLINGER, and
NICOLE ALBRIGHT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on two motions filed by Defendants Vickie Nira, Kelsey Dillinger, and Nicole Albright (collectively, "CDOC Defendants"):

(1)    Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (the "Motion for Summary Judgment"), filed March 11, 2020, [#73]; and

(2)    Motion to Dismiss Under Fed. R. Civ. P. 37(b)(2)(A)(V) (the "Motion to Dismiss"), filed July 23, 2020, [#95].

The court considers the Motions pursuant to 28 U.S.C. § 636(c) and the Orders of Reference for all purposes, [#27; #66]. The court concludes that oral argument will not materially assist in the resolution of this matter, and further concludes that resolution of these Motions now is appropriate without additional briefing. *See* D.C.COLO.LCivR 7.1(d).[1]  Accordingly, upon

---

[1] The court ordered Mr. Lovato to respond to the Motion for Summary Judgment on or before April 11, 2020. *See* [#71]. The court then extended that deadline to June 8, 2020 upon Plaintiff's request. *See* [#81]. The court provided Mr. Lovato a final extension until July 10, 2020, [#86], and denied his subsequent requests for reconsideration and additional extensions. *See* [#90; #93].

review of the Motions, the record before the court, and the applicable case law, I **GRANT** the Motion for Summary Judgment and **DENY AS MOOT** the Motion to Dismiss.

## MATERIAL FACTS

The court draws the following material facts from the record before it. These material facts are undisputed for purposes of the instant Motion.

1. Plaintiff Joseph Lovato ("Plaintiff" or "Mr. Lovato") is a Colorado Department of Corrections ("CDOC") inmate who is currently incarcerated at the Sterling Correctional Facility ("SCF"), and who claims to suffer from several medical ailments that require him to take roughly 12 medications; failure to receive these medications causes Mr. Lovato to suffer adverse medical reactions, such as vomiting and discomfort. *See* [#13 at 2, 5-8, 14-17, 30-31; #58-2].[2]

2. The CDOC has established a four-step grievance process pursuant to Administrative Regulation ("AR") 850-04 for all inmates within the CDOC to lodge complaints about policies, conditions of confinement, incidents within the facility that affect the inmate, actions of employees, as well as health concerns, among others. *See* [#73-1 at ¶¶ 4-5; #73-2].

3. Relevant here, the CDOC updated the grievance procedure on October 15, 2016, superseding the March 15, 2015 version, to include only "minor changes," such as "adding new

---

To date, Mr. Lovato has yet to respond to the Motion for Summary Judgment, but the court concludes it is appropriate to address the Motion now without additional delays. Further, because the court agrees that Mr. Lovato failed to exhaust his administrative remedies, it does not consider the Motion to Dismiss and thus no additional briefing on the Motion to Dismiss is required.

[2] Though Mr. Lovato did not respond to the Motion for Summary Judgment, the court considers Mr. Lovato's Second Amended Complaint as an affidavit pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure because it is verified, appears to be made on personal knowledge, sets out facts that would be admissible in evidence, and demonstrates Mr. Lovato's competency to testify on the matters asserted. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The court, therefore, considers Mr. Lovato's allegations in the Second Amended Complaint as competent summary judgment evidence to the extent they are not contradicted by other evidence in the record.

categories of incidents for which the grievance procedure may not be used . . . and modifying the section governing responsibility over AR 850-04." [#73-1 at ¶¶ 26-29].

4. The CDOC informs all inmates, both orally and in writing, about how to access the CDOC's grievance system. *See* [#73-1 at ¶ 23; #73-2 at 2].

5. The grievance process first contemplates an "initial informal opportunity to engage in constructive dialog [sic]." [#73-1 at ¶ 4; #73-2 at 2-3].

6. AR 850-04 then sets out the formalized three-step grievance process. [#73-1 at ¶ 5; #73-2 at 3-6, 8].

7. The first step requires inmates to complete a Step 1 grievance, which the inmate must do within 30 calendar days "from the date the inmate knew, or should have known, of the facts giving rise to the grievance," and use of the informal process does not extend or alter this timeframe—a condition included in the grievance procedures effective during Mr. Lovato's incarceration. [#73-1 at ¶¶ 6, 26-29; #73-2 at 3, 8].

8. If an inmate is dissatisfied with the outcome of his Step 1 grievance, he must file a Step 2 grievance within five (5) days of his receipt of the Step 1 written response; the same five-day timeframe applies to filing a Step 3 grievance if the inmate is dissatisfied with the written response to his Step 2 grievance. [#73-1 at ¶ 7; #73-2 at 8].

9. The filing of a Step 3 grievance is necessary for an inmate to adequately exhaust his administrative remedies. *See* [#73-1 at ¶ 8; #73-2 at 7].

10. An inmate fails to exhaust his administrative remedies if his grievance is denied procedurally, including for failure to adhere to the applicable timetables for filing grievances, for illegibility, for failure to "clearly state the basis for the grievance or the relief requested in the

space provided on the form," for failure to request relief available through the grievance process, and/or for altering the form itself in any fashion. [#73-1 at ¶¶ 9, 11-13; #73-2 at 3, 7].

11. A procedural denial of a grievance precludes substantive review of the merits of the issues raised therein. [#73-1 at ¶ 14; #73-2 at 7].

12. On April 27, 2017, Plaintiff initiated this civil action alleging violations of his Eighth Amendment rights against the CDOC Defendants[3] for events occurring in August 2016. *See* [#1; #13].

13. On August 9, 2016, Mr. Lovato declared three medical emergencies because he did not receive his medications on time and began vomiting uncontrollably. *See* [#13 at 7, 16-17, 35-38; #58-2].

14. Mr. Lovato again declared a medical emergency on August 28, 2016, *see* [#13 at 36, 38], and complained of dry heaving, abdominal pain, and vomiting, all of which began after dinner, *see* [*id.* at 32; #58-1 at ¶ 4 & pp. 8-9].

15. On August 29 and 30, 2016, Mr. Lovato again complained of vomiting, but Defendants Dillinger and Nira did not treat Plaintiff's symptoms until after Mr. Lovato's mother called the CDOC office in Colorado Springs, Colorado to seek help. *See* [#13 at 15].

16. On or about October 25, 2016, Mr. Lovato filed a Step 1 Grievance complaining of the alleged denial of medical treatment on August 9, 28, 29, and 30, 2016. [#73-1 at ¶¶ 18-19; #73-3].

17. The Step 1 Grievance Officer denied Mr. Lovato's Step 1 Grievance on procedural grounds because Mr. Lovato filed it outside the 30-day window. [#73-1 at ¶¶ 18-19; #73-3].

---

[3] Plaintiff also levied an Eighth Amendment claim against Defendant Jennifer Gomez, [#13], but the court granted Defendant Gomez's Motion for Summary Judgment and dismissed the Eighth Amendment claim against her on February 12, 2020. [#67].

18. On or about November 19, 2016, Mr. Lovato filed a Step 2 Grievance regarding the alleged denial of medical treatment in August 2016 and argued that he was confused by the grievance process because his case manager never explained the process to him. [#73-1 at ¶ 22; #73-4].

19. The Step 2 Grievance Officer denied Mr. Lovato's Step 2 Grievance on procedural grounds because Mr. Lovato filed his Step 1 Grievance outside the 30-day window, but offered "to sit down with [Mr. Lovato] and discuss some of the bigger procedural components to be aware of" and directed Mr. Lovato to send a kite to the Step 2 Grievance Officer's attention. [#73-1 at ¶ 22; #73-4].

20. On or about December 24, 2016, Mr. Lovato filed a Step 3 Grievance complaining of the alleged denial of medical treatment in August 2016 and asserting that no one had given Mr. Lovato a "consistent answer" on the applicable times for filing grievances since the inclusion of the informal step, which made the grievance procedure "not only difficult to understand, but impossible to access," and which left Mr. Lovato unsure how long he had to file a grievance following the informal step. [#73-1 at ¶ 25; #73-5 at 1].

21. The Step 3 Grievance Officer denied Mr. Lovato's Step 3 Grievance on procedural grounds, because he filed his Step 1 Grievance outside the 30-day window, and he failed to "identify what medical condition [he was] referring to." [#73-5 at 2].

22. The Step 3 Grievance denial informed Mr. Lovato that the informal step did not alter the 30-day window for filing a Step 1 Grievance and informed him that he had "<u>not</u> exhausted [his] administrative remedies." [*Id.* (emphasis in original)].

**LEGAL STANDARD**

Pursuant to Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy his burden at summary judgment the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998) (explaining that the nonmovant cannot rely on "mere reargument of his case or a denial of an opponent's allegation" to defeat summary judgment). In considering the nonmovant's evidence, the court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). Further, the court may consider only admissible evidence, *see Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial, only the substance must be admissible at trial, *see Brown v. Perez*, 835 F.3d

1223, 1232 (10th Cir. 2016). Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

In applying these legal principles, this court is mindful that Mr. Lovato proceeds pro se and is entitled to a liberal construction of his papers. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the court cannot and does not act as an advocate for a pro se party. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019). Nor does a party's pro se status exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). Because Mr. Lovato failed to file a response to the Motion for Summary Judgment, the court deems the properly supported facts offered by the CDOC Defendants as true. *See* Fed. R. Civ. P. 56(e)(2); *Lammle v. Ball Aerospace & Techs. Corp.*, Case No. 11–cv–3248–MSK–MJW, 2013 WL 4718928, *1 (D. Colo. Sept. 1, 2013). In doing so, however, the court has reviewed the entirety of the exhibits submitted by the CDOC Defendants to ascertain their context. And despite Mr. Lovato's lack of a response, the court may not enter summary judgment unless the CDOC Defendants carry their burden under Rule 56 of the Federal Rules of Civil Procedure. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

## ANALYSIS

The PLRA commands: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a).  "Any prisoner who seeks to bring a claim involving 'general circumstances or particular episodes' of prison life must first exhaust the administrative remedies available to him in prison." *May v. Segovia*, 929 F.3d 1223, 1226-27 (10th Cir. 2019) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007)).  "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal citations omitted).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim [or any other federal claim] under [the] PLRA for failure to exhaust his administrative remedies," and the "doctrine of substantial compliance does not apply." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks omitted).

But the PLRA makes explicit that a prisoner must exhaust only <u>available</u> administrative remedies.  42 U.S.C. § 1997e(a).  An available remedy is one "capable of use for the accomplishment of a purpose." *See Booth v. Churner*, 532 U.S. 731, 737 (2001).  For purposes of the PLRA exhaustion, an administrative remedy is <u>unavailable</u> "when a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation," *Tuckel v. Grover*, 660 F.3d 1249, 1252-53 (10th Cir. 2011), or "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy," *Little*, 607 F.3d at 1250.  Indeed, "courts [] are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Once the CDOC Defendants demonstrate Mr. Lovato did not exhaust his administrative remedies, the onus is on Mr. Lovato "to show that remedies were unavailable to him." *May*, 929 F.3d at 1234 (internal quotation marks omitted).

8

The CDOC Defendants move for summary judgment on Mr. Lovato's lone Eighth Amendment claim, arguing that Mr. Lovato failed to exhaust his administrative remedies prior to bringing suit. [#73 at 8-11]. The CDOC Defendants aver that although Mr. Lovato filed Step 1, 2, and 3 Grievances regarding the alleged denial of medical treatment in August 2016, he failed to do so within the applicable 30-day window, which resulted in the procedural denial of all three Grievances. *See* [*id.*]. According to the CDOC Defendants, this failure precludes Mr. Lovato from pursuing his Eighth Amendment claim against the CDOC Defendants, and nothing excuses Mr. Lovato's failure to exhaust his administrative remedies. *See* [*id.*]. I respectfully agree with the CDOC Defendants.

The undisputed material facts reveal that Mr. Lovato, as a CDOC inmate, is subject to the CDOC's grievance procedures specified in AR 850-04, of which Mr. Lovato was aware, and that he did not exhaust his administrative remedies. *See* Material Fact, *supra*, at ¶¶ 1-4, 22. Mr. Lovato's complaints of deliberate indifference based on an alleged denial of medical treatment in August 2016 by the CDOC Defendants are subject to the grievance procedures in AR 850-04. *See id.*, at ¶ 2. Pursuant to AR 850-04, Mr. Lovato was required to file his Step 1 Grievance within 30 days "from the date [he] knew, or should have known, of the facts giving rise to the grievance," which would have been as early as September 9, 2016 or as late as September 30, 2016. *See id.*, at ¶¶ 7, 13-15. Mr. Lovato, however, did not file his Step 1 Grievance concerning the August 2016 denial of medical treatment until about October 25, 2016—well outside the 30-day window. *See id.*, at ¶ 16. For this reason, the respective Grievance Officers procedurally denied Mr. Lovato's Step 1, 2, and 3 Grievances, and did not consider the substantive merits of his Grievances. *See id.*, at ¶¶ 11, 17-21. In denying his Step 3 Grievance, the Step 3 Grievance Officer informed Mr.

Lovato of his procedural deficiency and stated that Mr. Lovato had "not exhausted [his] administrative remedies." *Id.*, at ¶ 22.

The burden now shifts to Mr. Lovato to demonstrate at least a genuine dispute of material fact that those administrative remedies were unavailable to him. *See May*, 929 F.3d at 1234. This he fails to do. Mr. Lovato represented to the court while on the record at the June 10, 2020 Status Conference that he understood the basis for the CDOC Defendants' Motion for Summary Judgment and could respond accordingly. [#86]. But, despite providing Mr. Lovato approximately four months to respond to the Motion for Summary Judgment, *see supra*, at n.1, Mr. Lovato has yet to do so.

As discussed above, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56." *Reed*, 312 F.3d at 1195. As to the unavailability of his administrative remedies, Mr. Lovato argued in his Step 2 and Step 3 Grievances that he was confused by the grievance procedure and did not understand when he had to timely file a grievance after the informal step. *See* [#73-4; #73-5]. But an inmate's allegations that he was unaware of the grievance procedures does not excuse him from complying with the PLRA's exhaustion requirement. *See Simmons v. Stus*, 401 F. App'x 380, 381-82 (10th Cir. 2010) (holding that the inmate failed to exhaust his administrative remedies despite the inmate's allegations that he was unaware of the applicable grievance procedures). Moreover, the Step 2 Grievance Officer offered to discuss the relevant procedures with Mr. Lovato, but nothing in the record suggests Mr. Lovato accepted this offer. *See* Material Facts, *supra*, at ¶ 19. Thus, Mr. Lovato fails to satisfy his burden that his administrative remedies were unavailable.

Based on the undisputed material facts, and the evidence submitted in support of the Motion for Summary Judgment, the court concludes that Mr. Lovato failed to exhaust his administrative remedies—remedies that were available to him. The undisputed material facts demonstrate that Mr. Lovato's Grievances were untimely and denied procedurally, and thus he failed to exhaust his administrative remedies prior to bringing suit. *See Williams v. Franklin*, 302 F. App'x 830, 831 (10th Cir. 2008) ("Thus, we have held that a claim that has been properly rejected by the prison grievance system on procedural grounds [such as untimeliness] should be dismissed from the plaintiff's complaint with prejudice." (internal quotation marks omitted)); *Collins v. Fed. Bureau Of Prisons*, 69 F. App'x 411, 413 (10th Cir. 2003) ("No matter what kind of relief Plaintiff seeks, he is nevertheless required to exhaust all administrative remedies before proceeding with his instant *Bivens* action. Because his failure to meet the appropriate filing deadlines for administrative remedies constitutes a failure to exhaust those remedies, his *Bivens* claim is barred by the PLRA."). Accordingly, Mr. Lovato's Eighth Amendment claim against the CDOC Defendants is **DISMISSED with prejudice**.[4]  *See Kikumura v. Osagie*, 461 F.3d 1269, 1290-91 (10th Cir. 2006) (upholding dismissal with prejudice of unexhausted claims where prison officials denied grievances as untimely, because "the inmate's failure to exhaust is no longer a temporary, curable, procedural flaw.") *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) *as explained in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) The CDOC Defendants' Motion for Summary Judgment [#73] is **GRANTED**;

---

[4] For this reason, the CDOC Defendants' Motion to Dismiss is **DENIED as moot.**

(2) The CDOC Defendants' Motion to Dismiss [#95] is **DENIED as moot**;

(3) Summary judgment is **ENTERED** in **FAVOR** of the CDOC Defendants and **AGAINST** Mr. Lovato;

(4) Plaintiff's Eighth Amendment claim asserted against the CDOC Defendants is **DISMISSED with prejudice**;

(5) The Clerk of the Court shall **ENTER** Final Judgment in **FAVOR** of the CDOC Defendants and **AGAINST** Mr. Lovato, with each party to bear her or his own costs and fees;[5] and

(6) This matter shall be **TERMINATED** accordingly.

DATED: July 28, 2020                             BY THE COURT:

*[signature]*
Nina Y. Wang
United States Magistrate Judge

---

[5] While costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), the district court may in its discretion decline to award costs where a "valid reason" exists for the decision. *See, e.g.*, *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citations omitted). Given that the CDOC Defendants moved for summary judgment on the affirmative defense of exhaustion and did not attack the merits of Plaintiff's claim, and given that Plaintiff is indigent, the court declines to award costs. *See Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (noting that there is no abuse of discretion when the district court denies fees "to a party that was only partially successful."); *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent.").